**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Tyler Fisher, | ) | |
|     Plaintiff, | ) | Case No.:  1:26-cv-00062 MTS |
| | ) | |
| vs. | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
|     Defendant, | ) | |
| | ) | |

## JOINT PROPOSED SCHEDULING PLAN

COMES NOW, Plaintiff, Tyler Fisher, ("Plaintiff") and Defendant, Equifax Information Services, LLC, and pursuant to the Order of this  Court, submit their Report of Parties Rule 26(f) Planning Meeting and the following Joint Proposed Scheduling Plan:

1. Track assignment:  The case has been assigned to Track 2 by the Court.

2. Joinder of Additional Parties/Amendment of Pleadings:  All motions for leave to join additional parties and for leave to amend pleadings shall be made on or before **September 25, 2026.**

3. **Discovery Plan--**

(a)  Electronically stored information:  The Parties agree to narrowly tailor their discovery requests to avoid overly broad, unduly burdensome production of electronically stored information.   The parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy or Portable Document Format (.pdf) as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

(b)  Claims privilege and/or work-product protection:  Inadvertent production of an otherwise privileged document shall not be deemed a waiver of its privileged status.  A party may "claw back" such production by notifying the other party of the inadvertent production, and the grounds for the assertion of privilege or work-product protection, as soon as possible after the producing party discovers

the inadvertent production, at which point the receiving party shall cease further examination of the material and return and/or destroy the inadvertently produced document or documents.  The parties anticipate filing a joint motion for entry of a protective order in this matter.

(c)    Initial Disclosures:  All Parties shall serve responses pursuant to Rule 26(a)(1) on or before **September 25, 2026.**

(d)    Discovery limitations:  The discovery will not be conducted in phases nor limited to certain issues.

(e)    Expert Witness:  Disclosure and deposition of expert witnesses, if any, shall proceed as follows:

Plaintiff agrees to provide his opinion witness disclosures on or before **December 18, 2026**.

Defendants agree to provide their opinion witness disclosures on or before **January 8, 2027**.

(f)    Depositions and interrogatory limits:  The parties propose that Plaintiff may conduct up to five (5) depositions of witnesses with regard to each Defendant, and the parties agree to confer if the needs of the litigation dictate that Plaintiff needs additional depositions from a defendant. Each Defendant may conduct five (5) depositions as regards to Plaintiff.  The parties agree that interrogatories will be limited to 25 per party as set forth in Fed. R. Civ. P. 33(a).  The parties agree that the number of requests for production of documents shall be limited to 30.  The parties agree that the requests for admission shall be limited to 25 per party.

(g)    Physical and mental examinations:  Because discovery has not yet begun, it is too soon to determine whether any of the Parties anticipate seeking physical or mental examinations of any Parties.  Pursuant to Fed. R. Civ. P. 35 each party reserves the right to request such an examination.

(h)    Close of discovery:  The parties proposes that all discovery shall be completed on or before **February 26, 2027.**

4. Alternative Dispute Resolution:  At this time the Parties do not believe that a referral of action to mediation or early neutral evaluation would be productive.  However, the Parties believe that

such a referral would be appropriate after written discovery is issued and before depositions.

5.   <u>Dispositive motions:</u>  The parties propose that that all dispositive motions shall be filed on or before **March 12, 2027.**

6.   <u>Trial:</u>  The Parties suggest that this cause will be ready for trial no later than 60 days following the Court's ruling on summary judgment motions.

7.   <u>Trial Length:</u> The parties estimate that 3 days will be required to try this cause to verdict.

At this time, the Parties do not anticipate any other matters that need to be included in the JSP.

By:__/s/ Matthew P. Cook_____
Cook Law, LLC
Matthew P. Cook #62815
2885 Sanford Ave SW #42270
Grandville, MI 49418
Phone:  314-200-5536
Email:  Cookmp21@yahoo.com

*Attorney for Plaintiff*


POLSINELLI PC

By:  /s/ Britton St. Onge_____.
Britton St. Onge (#62256MO)
bstonge@polsinelli.com
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone:  (314) 889-8000
Facsimile:  (314) 231-1776

*Counsel for Defendant*
*Equifax Information Services LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22th day of June, 2026, I filed the foregoing via ECF filing, which has served all interested parties:

<u>  /s/ Matthew P. Cook</u>
Matthew P. Cook